J-A04009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JESUS GARCIA, | : | |
| | : | |
| Appellant | : | No. 2573 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 22, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-0012694-2015

BEFORE: PANELLA, P.J., STRASSBURGER, J.* and COLINS, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 08, 2020**

I concur with the conclusion that Appellant's judgment of sentence should be affirmed. However, I write separately to note my general discontent with using the *res gestae* exception[1] as a means of admitting otherwise inadmissible evidence. **See** Majority at 8 n.4 (stating, had Appellant not waived the issue, evidence of Appellant's use of a cell phone to search

---

[1] As our Supreme Court has explained, "evidence of crimes, wrongs, or other bad acts 'may be admissible as *res gestae* when relevant to furnish the complete story or context of events surrounding the crime.'" **Commonwealth v. Crispell**, 193 A.3d 919, 936 (Pa. 2018), *quoting* **Commonwealth v. Weiss**, 81 A.3d 767, 798 (Pa. 2013). The *res gestate* "exception applies to prior bad acts 'which are so clearly and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances, and so could not be excluded on the presentation of the case before the jury without the evidence being rendered thereby unintelligible.'" **Commonwealth v. Knoble**, 188 A.3d 1199, 1205 (Pa. Super. 2018), *quoting* **Commonwealth v. Brown**, 52 A.3d 320, 330-31 (Pa. Super. 2012).

* Retired Senior Judge assigned to the Superior Court.

pornographic websites was admissible as *res gestae* evidence under Pa.R.E. 404(b)).

While the *res gestae* exception continues in full effect in this Commonwealth, it is not without criticism. As our Supreme Court cogently noted, "there is no '*res gestae* exception' to the hearsay rule; the exception so-called is in fact a catch-all exception that embraces several distinct, though sometimes overlapping, exceptions." **Commonwealth v. Blackwell**, 494 A.2d 426, 430 (Pa. 1985). The **Blackwell** Court opined that the exception

> has been rightly condemned as "a Latin phrase to serve as a substitute for reasoning," Morgan, A Suggested Classification of Utterances Admissible as *Res Gestae*, 31 Yale L.J. 229, 229 (1922); as an expression that gives lawyers and judges "relief at a pinch," Thayer, *Bedingfield's Case,* 15 Amer.L.Rev. 1, 10 (1881) *Bedingfield's Case,* 15 Amer.L.Rev. 1, 10 (1881); and as "a password for the admission of otherwise inadmissible evidence," McCormick on Evidence 836 (Cleary ed. 1984).

*Id.* Because the *res gestae* exception can easily swallow the rule, I believe its application should be used with restraint. I am not entirely convinced Appellant's use of a cell phone to search pornographic websites is a "crime, wrong, or bad act" to allow it to fall within the *res gestae* exception in the first place. However, because I agree Appellant has waived the issue, and agree with the Majority's analysis of Appellant's remaining issues, I respectfully concur.